53 F.3d 335
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Bill JACKSON, Husband; Juanita Jackson, Wife, Appellants,
v.
SWIFT ECKRICH, INC., Appellee.
Con Agra, successor in interest
to Swift Eckrich, Inc., Huntsville, Arkansas; Dick Wolf
Individually and as Agent and Employee of Swift Eckrich,
Inc. of Huntsville, Arkansas; Russ May, Individually and as
Agent and Employee of Swift Eckrich, Inc. of Huntsville,
Arkansas; Paul Prudhomme, Individually and as Agent and
Employee of Swift Eckrich, Inc. of Huntsville, Arkansas, Defendants.
 No. 94-3814
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Mar. 13, 1995
Filed: Apr. 28, 1995
 
 Before RICHARD S. ARNOLD, Chief Judge, BRIGHT, Senior Circuit Judge, and McMILLIAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Juanita Jackson appeals from a district court order denying her motion pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure asking the district court[1] to reinstate the jury verdict and allow her to present a punitive damages claim to the jury. Jackson v. Swift Eckrich, Inc., Civil No. 92-5133 (W.D. Ark. Nov. 16, 1994). This motion was filed several months after the district court entered a final order in the case that she brought, along with her husband Bill[2], against Swift Eckrich, a poultry processor, over their turkey-growing contracts. See Jackson v. Swift Eckrich, Inc., 836 F. Supp. 1447 (W.D. Ark. 1993). On this day, we have also filed an opinion on the appeal and cross-appeal arising from that order. See Jackson v. Swift Eckrich, Inc., No. 93-3874/93- 3971 (April 28, 1995). The facts of this case are sufficiently described in that opinion, and we will not repeat them here.
 
 
 2
 Jackson's motion was based on recently obtained documents concerning Swift Eckrich's weighing procedures which she contends Swift Eckrich should have produced in response to her pre-trial discovery requests. After carefully reviewing the motion and the materials submitted with it, the district court concluded that no relief was warranted. "The district court has wide discretion in deciding whether or not to grant a motion under Fed. R. Civ. P. 60(b), and its decision will only be reversed for clear abuse of discretion." Atkinson v. Prudential Property Co., 43 F.3d 367, 371 (8th Cir. 1994). After conducting our own careful review of the record, we conclude that the district court did not abuse its discretion. The order of the district court is therefore affirmed. See 8th Cir. R. 47B.
 
 
 
 [1]
 The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas
 
 
 [2]
 Bill Jackson, originally a party to this action, has since deceased